

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. 5041
Re: Collection of taxes in
installments.

We received your letter dated January 14, 1943
which is self-explanatory and reads in part as follows:

" *** . I would like to know whether
in your opinion the provisions of this
Statute (Art. 7345c) authorizing partial-
payment of taxes has expired by its
own terms or whether it is still permiss-
ible for the Tax Collector to collect
taxes on a monthly installment basis as
provided in Subdivision 3 of said Act.

"In the event you answer that this
Statute has expired by its own terms, then
I would like your opinion as to whether or
not the Commissioners Court of Tarrant
County independently of this statute would
have the right to authorize the Tax Collec-
tor to collect taxes on a monthly install-
ment basis.

"It is the opinion of the Commissioners
Court that if it were permissible to collect
taxes on the installment plan a great amount
of delinquent taxes could be collected which
otherwise will not be collected or paid."

Honorable J. M. Williams, Page 2

Sections 1, 2 and 3 of Article 7345c, V.A.C.S., provide as follows:

"Section 1. On and after July 1, 1937, taxpayers owing delinquent State and county taxes, covering both real estate and personal property, shall be permitted to pay such delinquent taxes in partial payments under a system which shall be hereinafter provided for.

"Section 2. The Assessor and Collector of Taxes of each county of this State shall create and establish a partial payment or installment account system whereby all delinquent taxpayers desiring to pay their taxes under the provisions of this Act may do so.

"Section 3. All payments received by the Assessor and Collector of Taxes under the provisions of this Act shall be due and payable within twenty (20) months from the date of July 1, 1937, such payments being due and payable in ten (10) equal installments, provided that the first payment of such partial payments shall be made on or before September 1, 1937."

In Opinion No. O-4545 to Dan W. Jackson, released on April 29, 1942, this Department ruled that Article 7345c, supra, was no longer in force and effect. A copy of said opinion, which answers your first question, is enclosed herewith.

With respect to the levy, assessment and collection of taxes, the Legislature has enacted specific laws relating to the procedure to be followed. Articles 7041--7359, Title 122, V.A.C.S. In the absence of a specific law permitting the partial payment of taxes, such as Article 7345c, supra, the Tax Collector is not permitted by law to collect taxes on a monthly installment basis. In the first place, the existing laws with respect to the handling of the tax money collected, the issuing of receipts and the making of the required reports do not contemplate and cannot be made to apply to taxes collected on a monthly installment basis.

In an opinion dated May 13, 1936 to Willard McLaughlin, Criminal District Attorney, Waco, Texas, (Vol. 371, Attorney General's Letter Opinions, Page 745) the Attorney General advised that the law prohibited the tax collector from receiving partial payments on taxes.

We quote from 61 Corpus Juris, P. 965, as follows:

"The law ordinarily intends that taxes shall be paid in full at one time, and unless it is otherwise provided by statute, a taxpayer cannot tender a portion of the tax due and demand a receipt therefor, unless such part payment is authorized by statute, ***"

In the case of Richey v. Moor, 112 Texas 493, the Supreme Court, speaking through Mr. Chief Justice Cureton, said:

"While the general rule is that taxes must be paid in full at one time, and unless otherwise provided by statute a taxpayer can not tender a portion of the tax and demand a receipt therefor, yet this rule is subject to some qualification. The citizen always has the right to pay the amount of any one tax listed against him; or, as held in some jurisdictions, to pay the tax on any one item or piece of property which has been separately assessed, without offering to pay the taxes on other parts. 37 Cyc. pp. 1164, 1165; 27 Amer. & Eng. Ency. of Law, p. 761.

" *** ."

Since the Legislature has enacted specific laws with respect to the manner of collecting and handling of tax money and since there is no law authorizing the Commissioners' Court to issue an order permitting the payment of taxes in a different manner, we are of the opinion that Commissioners' Court of Terrant County is without authority to authorize the tax collector of Tarrant County to collect taxes on a monthly installment basis.

APPROVED JAN 27, 1943

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lee Shoptaw_

Lee Shoptaw
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB

LS:nw
Encl.